MASTER PLUMBERS' SUPPLY COMPANY v. JAMES W. COLLITON and Another.

July 1, 1898.

Nos. 11,195—(48).

Finding Sustained by Evidence.
  Evidence considered, and *held* sufficient to justify the finding of the trial court.

Appeal by defendants from an order of the municipal court of Minneapolis, Holt, J., denying defendants' motion for a new trial, after a trial before the court without a jury.  Affirmed.

One of the defenses pleaded by defendants was that they were the owners of one share of the capital stock of plaintiff, of the par value of $100, which they had purchased on the faith of plaintiff's representation that they could at any time thereafter surrender it to plaintiff and receive therefor the full par value of the same, either in cash, or as a credit on any account that plaintiff should then have against defendants, and that defendants had tendered this stock to plaintiff in part payment of the account sued on, but

73 M.—13

that plaintiff had refused to receive the same. On the trial defendants introduced in evidence the following resolution passed at a stockholders' meeting of plaintiff corporation:

"A motion was then offered by Mr. Courtney, and seconded by Mr. Willis, that any stockholder who might desire to dispose of his stock could, if he wished, sell it to the corporation at any time prior to January 1st, 1897, and receive for said share of stock its full par value of $100. This motion was carried unanimously."

*George H. White*, for appellants.
*T. A. Garrity*, for respondent.

BUCK, J.

This action was brought for the recovery of a balance upon an account claimed by plaintiff to be due for merchandise sold and delivered by it to the defendants. It is claimed in the complaint that the value of the goods sold, for which defendants agreed to pay plaintiff, was the sum of $530.85, and that only the sum of $368.12 had been paid, leaving a balance due of $162.73. Defendants admitted purchasing goods of plaintiff to the value of $516.19, and alleged that they had paid plaintiff thereon the sum of $403.71. On this issue the court found in favor of the plaintiff, and we think that the finding is supported by the evidence.

The testimony was conflicting, and the parties' methods of bookkeeping were somewhat peculiar; but the main difference between them seems to have been whether certain payments, amounting to about $50, were made and applied on this account, or upon another called "Penalty Account," on which the testimony was also conflicting. It would serve no good purpose to go into the particulars.

The second issue was as to whether the $100 stock in the plaintiff corporation which defendants set up as a counterclaim was subscribed and paid for by them under an agreement between them and the corporation that at any time thereafter, if defendants so desired, it would take it back, and return them the consideration paid therefor. On this issue the court found against the defendants, and we cannot see how, on the evidence, it could have well found otherwise. The resolution subsequently adopted at a special meeting of the stockholders, at which apparently only about half

their number were present, was a mere gratuitous offer, which they had no authority to make.

Order affirmed.